UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDERSON JOSEPH,<br><br>      Plaintiff,<br><br>  -against-<br><br>LONG ISLAND JEWISH MEDICAL CENTER,<br><br>      Defendant. | 1:23-CV-5929 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Anderson Joseph filed this *pro se* action invoking the court's diversity jurisdiction and seeking damages. He sues the Long Island Jewish Medical Center ("LIJ"), located in Queens County, New York. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff seems to allege that LIJ resides in Queens County, and specifically alleges that the events that are the bases for his claims occurred there. Queens County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not in this judicial district.[1] Thus, from the face of the complaint, it is clear that this court is not a proper venue for this action under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). LIJ appears to reside in the Eastern District of New York, and Plaintiff alleges that the events that are the bases for his claims occurred within that judicial district. Accordingly, venue lies in the Eastern District of New York, *see* § 1391(b)(1), (2), and in the interest of justice, this Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Courts directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. 28 U.S.C. § 112(c).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 25, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                          Chief United States District Judge